# In the United States Court of Federal Claims

No. 21-2004
Filed: November 5, 2021

|  |  |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) |

**ORDER**

      Plaintiff Raj K. Patel, proceeding *pro se*, filed a complaint with this Court alleging, *inter alia*, that the government breached its contractual obligations, violated his right to free exercise of religion, and abridged his "privileges and/or immunities" by committing "battery/assault/torture/genocide/civil rights violation/conspiracy through a psycho-bio-tech stress weapon." Complaint at 1–3, ECF No. 1 [hereinafter Compl.]. The Court ordered plaintiff to show cause as to why this Court has jurisdiction over his claims. *See* Show Cause Order, ECF No. 7. Plaintiff responded to the Court's Order the next day. *See* Plaintiff's Response to Show Cause Order, ECF No. 9 [hereinafter Pl.'s Resp.]. After careful review of plaintiff's Complaint and Response to the Court's Show Cause Order, the Court determines it does not have jurisdiction and therefore must dismiss the Complaint. *See* R. Ct. Fed. Cl. 12(h)(3).

      Plaintiff brings his claims under the Tucker Act, 28 U.S.C. § 1491. Compl. at 5. The Tucker Act grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). This includes claims against the United States for breach of contract. *Higbie v. United States*, 778 F.3d 990, 993 (Fed. Cir. 2015). The jurisdictional grant is limited, however, *see United States v. Testan*, 424 U.S. 392, 398 (1976), and if the Court "determines at any time that it lacks subject-matter jurisdiction," it must dismiss the action. R. Ct. Fed. Cl. 12(h)(3).

      Plaintiff has the burden of demonstrating that this Court has jurisdiction over his claims. *See Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And while *pro se* plaintiffs are given "leeway on procedural matters, such as pleading requirements," *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007), this leniency does not lessen the plaintiff's jurisdictional burden. *See Ibrahim v. United States*, 799 Fed. Appx. 865, 867 (Fed. Cir. 2020) (citing *Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Demonstrating this Court's jurisdiction is generally a low bar. *See, e.g., Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021) ("As a general rule, if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the Claims Court to decide whether the claim has merit."). Claims that are "factually frivolous," however, fall outside of this Court's jurisdiction. *See, e.g., Spencer v. United States*, 98 Fed. Cl. 349, 356 (2011). These are claims supported by facts that are "delusional," "clearly baseless," or "rise to the level of the irrational or the wholly incredible." *Id*. Determining whether a claim is factually frivolous is within this Court's discretion. *See id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Upon *sua sponte* review, the Court finds that plaintiff fails to plead a non-frivolous claim for relief. *See Spencer*, 98 Fed. Cl. at 356. The allegations asserted in plaintiff's Complaint, including the claims regarding his alleged contract with the government over use of "a psycho-bio-tech stress weapon," fall into the category of "delusional" or "clearly baseless." *Id*. In other words, plaintiff's claims are frivolous. Therefore, this Court does not have jurisdiction over plaintiff's claims and must dismiss the Complaint.

Accordingly, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge